IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MARIA DEL CARMEN LOPEZ-MONTALVO,

    Plaintiff,

        v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

**Civil No. 10-1524 (SEC)**

**OPINION and ORDER**

    Plaintiff Maria del Carmen Lopez-Montalvo brought this action under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g). Lopez-Montalvo seeks review of the Commissioner of Social Security's (the "Commissioner") denial of her application for disability benefits. Docket # 1. Lopez-Montalvo filed a memorandum of law supporting her request (Docket # 11), which the Commissioner opposes (Docket # 12). For the reasons set forth below, the Commissioner's decision is **AFFIRMED**.

    **Procedural Background**

    Lopez-Montalvo filed a claim for disability benefits, which was denied originally and upon reconsideration. Tr. 25. She then sought review by an administrative law judge ("ALJ"). Id. At the hearing, the ALJ heard testimony from Lopez-Montalvo and a Vocational Expert ("VE"). Tr. 355-86. The ALJ found that she was not disabled through the date of his decision (February 29, 2008). Tr. 25-31.[1] The Appeals Council denied review, making the ALJ's opinion the final decision of the Commissioner subject to judicial review. Tr. 4-7.

---

[1] Lopez-Montalvo's insurance period ran through December 31, 2009. Tr. 25. She was subsequently adjudged disabled as of March 1, 2008, and became entitled to benefits in August, 2008. See Tr. 77-81. The only issue before the Court, however, is whether Lopez-Montalvo was disabled up to the date of the ALJ's decision. See Docket # 11.

**CIVIL NO. 10-1524 (SEC)**                                                                                                                  **Page 2**

**Standard of Review**

Section 405(g) provides that findings of the Commissioner "as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "[S]ubstantial evidence" must be "more than a mere scintilla," Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted), but "if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support [the Commissioner's] conclusion," then the district court must uphold the Commissioner's findings. Rodriguez v. Sec'y of Health & Human Servs., 647 F.2d 218, 222 (1st Cir. 1981). Accordingly, even if the record could justify a different conclusion, the Commissioner's findings must be affirmed if supported by substantial evidence. Evangelista v. Sec'y of Health & Human Servs., 826 F.2d 136, 144 (1st Cir. 1987).

On the other hand, the Commissioner has a duty to examine the medical evidence presented. Rodriguez, 647 F.2d at 222; see Beyene v. Astrue, 739 F. Supp. 2d 77, 83 (D. Mass. 2010). Thus, remand to the Commissioner is appropriate, with instructions to expand the record, where the Commissioner's conclusion "is not readily verifiable on the record as it stands." Manso-Pizarro v. Sec'y of Health & Human Servs., 76 F.3d 15, 19 (1st Cir. 1996); see also Figueroa-Rodriguez v. Sec'y of Health & Human Servs., 845 F.2d 370, 374 (1st Cir. 1988) (ordering remand where "neither the ALJ nor the Appeals Council adequately explained their reasons for rejecting" a medical professional's assessment).

In assessing whether there is substantial evidence to support the Commissioner's findings, the District Court has a duty "to make a searching investigation of the record." Gold v. Sec'y of Health, Educ., & Welfare, 463 F.2d 38, 43 (2d Cir. 1972) (internal quotation marks omitted) (quoting Miracle v. Celebrezze, 351 F.2d 361, 382-83 (6th Cir. 1965)). The Court may not consider exclusively the evidence that would support the Commissioner's conclusions, but instead has a duty to "canvass[] the whole record" and to look also at "the evidence opposed to"

**CIVIL NO. 10-1524 (SEC)**                                                                 Page 3

the Commissioner's view. See Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951) (expounding the "substantial evidence on the whole record" standard as applied to review of an NLRB decision); Diaz v. Sec'y of Health & Human Servs., 791 F. Supp. 905, 912 (D.P.R. 1992) (quoting Universal Camera to note that district courts must also look at evidence that detracts from the ALJ's conclusions). The Court must not, however, substitute its own judgment for that of the ALJ. Fraga v. Bowen, 810 F.2d 1296, 1302 (5th Cir. 1987). Moreover, it is the claimant who has the burden of establishing that he is disabled. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987); Deblois v. Sec'y of Health & Human Servs., 686 F.2d 76, 79 (1st Cir. 1982).

**Factual Background**

Lopez-Montalvo was 52 years old at the alleged onset of her disability. Tr. 358-59. She had previously worked as a sewing machine operator. Tr. 380. Lopez-Montalvo had suffered from pain on her left shoulder since 2001. See Tr. 190. On May 5, 2004, she was treated at the State Insurance Fund following a workplace injury and was diagnosed with a left shoulder rotator cuff tear. Tr. 88, 192. She was referred to Dr. Perez-Cardona, who operated on the shoulder three months later, with "excellent postoperative results." Tr. 190-92. She has not worked since. Tr. 363-65. After the surgery, she received physical therapy. Tr. 191. Lopez-Montalvo is still unable to reach overhead with her left arm, but her motor abilities are otherwise normal. See Tr. 202. She occasionally takes nonprescription medication "when the pain is too much." Tr. 374-75. But she has not had to visit the hospital on account of her pain. Id.

In addition to her physical treatment, Lopez-Montalvo has received treatment for an emotional condition at the Ponce School of Medicine Behavioral Health Center in Mayagüez. Tr. 323-47. She takes Fluoxetine 20mg and Haldol 5mg for her depression, and Xanax 1mg to

**CIVIL NO. 10-1524 (SEC)** Page 4

sleep. Tr. 348. Yet, her depression is described as "mild" or "moderate." E.g., Tr. 341 and 346. Her GAF, assessed at 65%, corresponds to mild symptoms. Tr. 347; see American Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental Disorders 34 (4th ed. text rev. 2000) (hereinafter DSM IV).

### Applicable law and analysis

The ALJ, based on the VE's testimony, found that Lopez-Montalvo was capable of performing her past relevant work as a sewing machine operator and was therefore not disabled. Tr. 30-31.[2] Lopez-Montalvo argues that the ALJ did not give weight to the VE's opinion that a person with reduced attention and concentration would be limited in performing such work. See Docket # 11. She additionally argues that the hypotheticals posed by the ALJ to the VE did not accurately reflect her medical condition. The Commissioner replies that, as the premises for the hypotheticals were backed up by substantial evidence, the ALJ correctly relied on the VE's conclusion that Lopez-Montalvo was capable of performing her past relevant work. See Docket # 12.

To prevail on her disability claim, a claimant must prove that she suffered from a "severe impairment" during the relevant period. See 20 C.F.R. § 404.1520(c); see also Bianchi v. Sec'y of Health & Human Servs., 764 F.2d 44, 45 (1st Cir. 1985).

---

[2] The ALJ makes a sequential, five-step analysis of the claimant's condition in rendering a decision. See Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). The claimant bears the burden during the first four steps, and if the ALJ determines that she is not disabled at any one of those steps, the inquiry ends. Id. Here, the ALJ determined that Lopez-Montalvo was not disabled at step four, because her condition was not severe enough to preclude her from performing her past relevant work. See Tr. 30; Bowen, 482 U.S. at 146 n.5. Thus, the Court need not consider Lopez-Montalvo's argument, relevant only to step five, about her capacity to perform other work in the national economy. See Docket # 11 at p. 7. In any case, the Court finds the argument baffling, as the ALJ seems to have found for her in this respect, given the ALJ's comment that he was "not totally persuaded by state agency physicians' opinions that she can do *other work*." Tr. 30 (emphasis added).

**CIVIL NO. 10-1524 (SEC)**                                                                                    Page 5

      The ALJ is the one who must determine credibility and weigh contrasting evidence, and the ALJ's findings are not conclusive *only* "when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." Nguyen v. Charter, 172 F.3d 31, 35 (1st Cir. 1999); see Rodriguez v. Sec'y of Health & Human Servs., 647 F.2d 218, 222-23 (1st Cir. 1981).

      The ALJ may rely on a VE's opinion in rendering a decision. See Arocho v. Sec'y of Health & Human Servs., 670 F.2d 374, 375 (1st Cir. 1982). But hypotheticals posed to the VE must accurately reflect the claimant's condition, and the premises for the hypothetical questions must be based on substantial medical evidence before the ALJ. See id. If substantial evidence *does* support the premises for the hypotheticals, then the VE's answers constitute substantial evidence to back up the ALJ's decision. Cf. Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 274-76 (1st Cir. 1988) (per curiam) (finding that VE's answer to hypothetical which mirrored claimant's condition supported ALJ's decision); Cooper v. Sullivan, 880 F.2d 1152, 1158 n.13 (9th Cir. 1989) (emphasis added) ("A vocational expert's testimony can not constitute substantial evidence to support an ALJ's determination as to a claimant's disability status *unless it accurately reflects all of the claimant's limitations*, including pain."), quoted with approval in Maldonado v. Sec'y of Health & Human Servs., 972 F.2d 337 (Table), No. 91-2300, 1992 WL 197372 at *5 (1st Cir. Aug. 18, 1992) (per curiam) (citing the Cooper case as Cooper v. Bowen); Garay v. Sec'y of Health & Human Servs., 46 F.3d 1114 (Table), No. 94-1515, 1995 WL 54077 at *1 (1st Cir. Feb. 10, 1995) (per curiam) ("If the premises are supported by substantial evidence in the record, then the vocational expert's responses constitute substantial evidence to support the ALJ's vocational determination that claimant's impairment [does] not preclude his former work.").

      Here, the ALJ posed a series of six hypotheticals to the VE. He began with a description of a person of Lopez-Montalvo's age, education, training, and work experience, limited to light

**CIVIL NO. 10-1524 (SEC)**                                                                 Page 6

physical effort. He then added details at each stage to mirror Lopez-Montalvo's condition. See Tr. 381-85. At stage two, the ALJ added the left shoulder surgery and inability to reach overhead with her left arm. The ALJ asked the VE whether such a person could work as a sewing machine operator, and the VE replied in the affirmative. Tr. 381-82. Lopez-Montalvo relies on the VE's answer to the third hypothetical: the VE responded that a person with limited attention and concentration due to left shoulder pain of moderate to severe intensity would be limited in performing Lopez-Montalvo's past relevant work. See Tr. 382-83.

Yet, the ALJ asked a follow-up question as his fourth hypothetical: could a person perform the work if her pain was mild to moderate and could be controlled by taking nonprescription medication, such as Panadol? Tr. 383. The VE's answer was yes. Id. This description is supported by the medical evidence in the record and by Lopez-Montalvo's own testimony; according to the medical record, she was not taking any prescription pain medication. See Tr. 348. And, at the hearing, she testified that she took Panadol or other nonprescription drugs "when the pain [was] too much," but had not been to the hospital on account of her pain. See Tr. 375. Nor had she required prescription-strength medication for her pain after the surgery, except for one occasion. See id. Therefore, substantial evidence supports the premises of the ALJ's hypothetical that the shoulder pain was mild to moderate and controllable. See Rodriguez, 647 F.2d at 222 ("[The Court] must uphold the [ALJ's] findings . . . if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support his conclusion.").

At the fifth hypothetical, the ALJ added details of Lopez-Montalvo's emotional condition based primarily on a report by Dr. Rodriguez Robles, a consulting psychiatrist who evaluated Lopez-Montalvo but did not treat her. See Tr. 279-82, 383-84. Lopez-Montalvo contends that the ALJ's description in the hypothetical of a person whose attention and concentration are "a

**CIVIL NO. 10-1524 (SEC)**  Page 7

bit limited[,] especially in complex situations" and who is "able to pay attention and concentration in regular day-to-day activities" deviates from Dr. Rodriguez Robles's report. Even if this were true, however, there is other medical evidence to support the ALJ's characterization. See Rodriguez, 647 F.2d at 222 ("[T]he resolution of conflicts in the evidence . . . is for [the ALJ], not for the doctors or for the courts."). As stated above, the reports from the Behavioral Center, where Lopez-Montalvo had received treatment, describe her condition as mild to moderate. See 20 C.F.R. § 404.1527(d)(2) (stating that ALJ should generally give more weight to opinion of treating source than to opinion of nontreating source). Her GAF score of 65% corresponds to only a mild impairment in everyday activities. See DSM IV 34. Moreover, for his sixth and last hypothetical the ALJ *explicitly* relied on the Behavioral Center report. See 384-85. The VE once again stated at that point that the hypothetical person could perform Lopez-Montalvo's past relevant work. Id.

On the above-stated grounds, the Court concludes that substantial evidence supports the premises of the ALJ's hypotheticals. Therefore, his decision relying on the VE's answers to them is also supported by substantial evidence. See Garay, 1995 WL 54077 at *1; cf. Arocho, 670 F.2d at 375. The ALJ's finding that Lopez-Montalvo was not disabled as of the date of his decision is affirmed.

**Conclusion**

For the foregoing reasons, the Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 6th day of July, 2011.

*s/ SALVADOR E. CASELLAS*
Salvador E. Casellas
U.S. Senior District Judge